UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*******************************************

HOPE KASPER and HELEN KERKES

VS.                                                    :   Case No. 302 CV 00844 (CFD)

CITY OF MIDDLETOWN, DEBORAH
MOORE, and LOCAL 466, COUNCIL 4,
of the AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO                                                :   November 17, 2003

*******************************************

## OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

Defendant Local 466, Council 4 of the American Federation of State, County and Municipal Employees, AFL-CIO ("Local 466") hereby opposes the plaintiffs' Motion to Strike Paragraphs 1, 2, 3, 4, 11, 15, 17 and 18 of Local 466's Local Rule 56(a)(1) Statement filed in connection with its September 17, 2003 Motion to Dismiss or For Summary Judgment. By that Motion, Local 466 moved to dismiss Count 2 of the Complaint as time-barred, Counts 3 and 5 for failure to state a claim for which relief can be granted, and Counts 3 and 4 as time-barred.

- 1 -

W:\Public\LWise\A F S C M E - Kasper & Kerkes\Pleadings\Opposition to Motion to Strike 11-2003.doc

The plaintiffs' Complaint in this matter conspicuously omits most of the dates of the alleged discriminatory acts committed by the defendants. Therefore, in order to establish those dates for purposes of its Motion to Dismiss or For Summary Judgment, defendant Local 466 was forced to rely on facts outside the Complaint. For that reason, defendant Local 466 characterized its motion as a motion to dismiss or for summary judgment and submitted a Local Rule 56(a)(1) statement together with supporting exhibits establishing the relevant dates for its Motion. That is the only purpose for which the documents have been submitted in connection with the Local Rule 56(a)(1) statement.

Plaintiffs move to strike various paragraphs of the Local Rule 56(a)(1) statement. They move to strike paragraphs 1 through 4 and 11 which are supported by Exhibit A, a decision of the State Board of Labor Relations; paragraph 15 which is supported by Exhibit K, a decision of an AFSCME International Judicial Panel; and paragraphs 17 and 18 which are supported by Exhibits N, O, P and Q, the notices of dismissal of each of the plaintiff's discrimination claims filed with the Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission.

Plaintiffs claim that the above-referenced paragraphs should be stricken because they contain inadmissible hearsay. However, as explained by the City of Middletown in its October 14, 2003 Opposition to Plaintiffs' Motion to Strike, Fed. R. Evid. 803(8)(C) contains an

- 2 -

W:\Public\LWise\A F S C M E - Kasper & Kerkes\Pleadings\Opposition to Motion to Strike 11-2003.doc

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

exception to the hearsay rule for public records and reports "unless the sources of information or other circumstances indicate lack of trustworthiness." Here, there is no indication that there is a lack of trustworthiness in the documents, particularly since Local 466's Motion to Dismiss relies upon them for the limited purpose of establishing the dates of the conduct alleged by the plaintiffs to be discriminatory and the dates of the filing of the plaintiffs' CHRO complaints and dismissals.

Moreover, for the limited purpose these documents are relied upon by defendant, the information in question is not hearsay at all. The purpose of the documents is to establish the dates of certain conduct of the plaintiffs. The documents are not offered to prove the truth of the matter asserted, that is whether the plaintiffs' allegations of discriminatory conduct by the defendants are true or false, and therefore do not constitute hearsay. See Fed.R.Evid. 801(c).

The dates in question are necessary to establish that Counts 2 and 4 of the Complaint were not timely filed, thereby depriving the Court of subject matter jurisdiction. This is not a situation where documents such as those objected to by the plaintiffs relate to the merits of a discrimination claim. Plaintiffs have failed to adduce any evidence that the dates established by these documents – dates which plaintiffs failed to allege in their Complaint – are erroneous.

Plaintiffs' Motion to Strike should be denied.

W:\Public\LWise\A F S C M E - Kasper & Kerkes\Pleadings\Opposition to Motion to Strike 11-2003.doc

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

RESPECTFULLY SUBMITTED,
Local 466, Council 4, of the American Federation
of State, County and Municipal Employees,
AFL-CIO

By: _____
Lewis K. Wise
Federal Bar No. ct05716

- 4 -

W:\Public\LWise\A F S C M E - Kasper & Kerkes\Pleadings\Opposition to Motion to Strike 11-2003.doc

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

## CERTIFICATION

This is to certify that a copy of the foregoing Opposition to Plaintiffs' Motion to Strike was mailed by first-class mail, postage prepaid, on this ____ day of November, 2003 to the following:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street #409
New Haven, CT  06510

James M. Sconzo, Esq.
Halloran & Sage LLP
225 Asylum Street
Hartford, CT  06103-4303

Trina A. Solecki, Esq.
City of Middletown
245 DeKoven Drive, P.O. Box 1300
Middletown, CT  06457

_____
Lewis K. Wise

W:\Public\LWise\A F S C M E - Kasper & Kerkes\Pleadings\Opposition to Motion to Strike 11-2003.doc

**LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793